Jean Duncan Administrative Officer Kansas Real Estate Commission Three Townsite Plaza, Suite 200 120 S.E. 6th Avenue Topeka, Kansas 66603-3511
Dear Ms Duncan:
As administrative officer for the Kansas real estate commission you ask whether participation in the below described program by a licensee under the Kansas real estate brokers and salespersons act would violate the prohibition against offering or giving prizes, gifts or gratuities contingent upon an agency agreement.
We understand from information provided that the program in queston is one developed by Homeowners Marketing Services (HMS), a company which sells errors and omissions insurance coverage to real estate brokers. One of HMS's "affiliates" is Homeowners Association of America (HAA), a "consumer protection membership organization." Brokers who are insured through HMS would market what HMS refers to as the "seller track consumer reach program." Under this program, at the time of listing with an HMS insured broker, the broker would provide a seller-client with the opportunity to "enroll" as a member of HAA.
If the client agrees to become a "member," the broker would then pay the client's $10.00 "enrollment fee for membership" to HAA. As a "member" of HAA the client would receive the following: (1) a video tape and booklet valued at $7.50 "explaining how to make their property more marketable and avoid some of the legal pitfalls faced by consumers in today's market", and (2) group errors and omissions insurance coverage in the amount of $25,000 with a $5,000 deductible for "after-sale claims arising out the transaction." The average cost of the insurance premium for this coverage is $2.50. For an additional $200, the "enrolled member" could then purchase through HAA expanded coverage in the amount of $100,000 with a $1,000 deductible.
In addressing the instant question, we believe it would be helpful to review the legislative history of K.S.A. 1993 Supp. 58-3062(a)(17), the statutory provision which prohibits persons licensed by the Kansas real estate commission from offering or giving prizes, gifts or gratuities as inducements to attract or maintain clients.
In 1947 when Kansas first enacted a real estate brokers' license act, the law, while not prohibiting gifts or gratuities, did prohibit real estate brokers from:
 "soliciting, selling, or offering for sale, real property by offering `free lots,' or conducting lotteries, or contests, or offering prizes for the purpose of influencing a purchaser or prosepctive purchaser of real property;" L. 1947, ch. 411, sec. 21(a)(15).
The 1947 provision remained in effect until 1980 when the entire act was repealed and recodified as the Kansas real estate brokers and salespersons act. L. 1980, ch. 164. The proposed recodification, 1980 senate bill no. 519, was the result of a two year effort by the Kansas association of realtors and an interim study by the special committee on federal and state affairs. Minutes, House Committee on Federal and State Affairs, March 31, 1980; 1980 Kansas Report on Legislative Interim Studies, Re: Proposal No. 17 — Real Estate License Law.
While the 1947 act prohibited nineteen specific types of conduct by real estate brokers, 1980 senate bill no. 519 expanded the number of prohibitions to thirty-seven, including a prohibition against a real estate broker or salesperson offering or giving:
 ". . . prizes, gifts or gratuities which are contingent upon a client's listing, purchasing or leasing property." 1980 S.B. 519, sec. 29(a)(12).
After its introduction, the chair of the senate committee on federal and state affairs appointed a subcommittee to review the bill in relation to a number of specific provisions, including section 29(a)(12). Minutes, Senate Committee on Federal and State Affairs, February 5, 1980. The subcommittee's review resulted in two recommended language changes within section 29; however neither pertained to subsection (a)(12). Minutes, Senate Committee on Federal and State Affairs, March 7, 1980 and March 10, 1980. Senate bill no. 519 was enacted into law with section 29(a)(12) intact as proposed, thus expanding the earlier prohibition against the use of lotteries, contests or prizes as inducements, to any type of prize, gift or gratuity. L. 1980, ch. 164, § 29(a)(12).
In 1986 at the request of the Kansas real estate commission, the senate committee on federal and state affairs introduced senate bill no. 539 which, among other proposals, deleted the provision prohibiting real estate brokers and salespersons from offering or giving prizes, gifts or gratuities as client inducements. 1980 S.B. 539, sec. 14(a)(12) as recommended by the senate committee on federal and state affairs. However, the provision was reinstateded in the house and ultimately S.B. 539 passed with only a minor change in language in section 14(a)(12):
 "No licensee shall offer or give prizes, gifts or gratuities which are contingent upon a client's listing, purchasing or leasing property real estate." L. 1986, ch. 209, sec. 14(a)(12).
In 1991 a final modification was enacted to extend the applicability of the prohibition to sales of real estate (as well as purchases and leases) and to broker or salesperson agreements with a buyer or lessee (as well as a seller or lessor). L. 1991, ch. 163, sec. 5(a)(17). The current form of the prohibition now found at K.S.A. 1993 Supp. 58-3062 reads:
"(a) No licensee shall:
. . .
 "(17) Offer or give prizes, gifts or gratuities which are contingent upon an agency agreement or the sale, purchase or lease of real estate."
(Since real estate brokers, associate brokers and salespersons are each authorized to engage in "broker" activities specified in K.S.A. 1993 Supp. 58-3035(f), for the sake of simplicity in the remainder of this opinion we will refer only to "real estate brokers.")
This review of the history of K.S.A. 1993 Supp. 58-3062(a)(17) demonstrates a legislative expansion of the inducement prohibition in 1980, a legislative reinstatement of the prohibition following an attempt to remove it in 1986 and a further legislative expansion of the prohibition in 1991. It thus appears clear to us that the public policy of this state as expressed by the Kansas legislature remains committed to outlawing any form of prize, gift or gratuity by a real estate broker as an inducement to attract clients, whether buyers, sellers, lessees or lessors. We thus reiterate the conclusion reached in Attorney General Opinion No. 81-163, with some modification due to intervening statutory changes: In our judgment, the legislature intended, by the use of the terms `gift' and `gratuity' in K.S.A. 1993 Supp. 58-3062(a)(17) to prohibit a real estate broker from offering or giving anything of value, other than the broker's services as a broker, which is contingent upon an agency agreement with a client or the sale, purchase or lease of real estate.
Having reached this conclusion, we now turn to its application and re-phrase the question at hand: By participating in the "seller track consumer reach program" as described above, would a real estate broker be offering or giving anything of value, other than the broker's services, which is contingent upon an agency agreement with a seller-client?
By the terms of the program the broker would offer, and upon the client's acceptance, would give the client "membership" in HAA by paying the client's $10.00 "enrollment fee." Membership in HAA would then entitle the client to an informational video tape, a $25,000 group errors and omissions insurance policy and the option (apparently not available absent membership in HAA) to purchase greater insurance coverage through HAA. The video tape is valued at $7.50 by HAA. More importantly the insurance coverage, has value. Although the cost to the real estate broker for the insurance benefit component would be only $2.50, the benefit to the client would be $25,000 in protection against certain types of after-sale claims. The client would also be provided with the additional HAA membership option to obtain greater insurance coverage. In our opinion "membership" in HAA would have value to the client which is, we assume, the reason a broker would want to make such membership available to the client. Under this program the broker would be offering and, upon the client's acceptance, giving something of value to the client.
HMS presents the position that the only thing which arguably might be considered given by a broker under the program is the sum of $2.50 attributable to the insurance component, and that such amount is too trivial and insubstantial to invoke the gift prohibition of K.S.A. 1993 Supp. 58-3062(a)(17). We have faith, however, that if nominal gifts were intended to be excluded the legislature possesses the wherewithal to do so. E.g. "No state officer or employee or candidate for state office shall accept, or agree to accept any economic opportunity, gift, loan, gratuity, special discount, favor, hospitality, or service having an aggregate value of $40 or more in any calendar year from any one person known to have a special interest, . . ." K.S.A. 46-237. In the absence of such legislative exclusion, we decline to attempt the creation of a deminimus exception to the statutory prohibition. In any event, as discussed above, we do not agree that the $2.50 premium payment is the only thing of value given in this situation.
The second consideration is whether the "thing" of value ("membership" in HAA) is something other than a broker's services as a broker. Clearly HAA membership benefits such as the informational video tape, group insurance coverage and the option to puchase greater insurance coverage may be classified more as services than as objects. The issue is whether the services available through HAA membership may legitmately be considered broker services. To answer the question, the nature of real estate brokerage and its attendant activities must be evaluated.
 "As generally defined, a broker is an agent who for a commission or brokerage fee, carries on negotiations in behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the sale or purchase of contractual rights or any form of property." Henderson v. Hasser, 225 Kan. 678, 683 (1979).
That general case law definition parallels the more detailed meaning of the term "broker" as found in the Kansas real estate brokers and salespersons act at K.S.A. 1993 Supp. 58-3035(f):
 "`Broker' means an individual, other than a salesperson, who advertises or represents that such individual engages in the business of buying, selling, exchanging or leasing real estate or who, for compensation, engages in any of the following activities as an employee of, or on behalf of, the owner, purchaser, lessor or lessee or real estate:
 "(1) Sells, exchanges, purchases or leases real estate.
 "(2) Offers to sell, exchange, purchase or lease real estate.
 "(3) negotiates or offers, attempts or agrees to negotiate the sale, exchange, purchase or leasing of real estate.
 "(4) Lists or offers, attempts or agrees to list real esate for sale, lease or exchange.
 "(5) Auctions or offers, attempts or agrees to auction real estate or assists an auctioneer by procuring bids at a real estate auction.
 "(6) Buys, sells, offers to buy or sell or otherwise deals in options on real estate.
 "(7) Assists or directs in the procuring of prospects calculated to result in the sale, exchange or lease of real estate.
 "(8) Assists in or directs the negotiation of any transaction calculated or intended to result in the sale, exchange or lease of real estate.
 "(9) Engages in the business of charging an advance listing fee.
 "(10) Provides lists of real estate as being available for sale or lease, other than lists provided for the sole purpose of promoting the sale or lease of real estate wherein inquiries are directed to the owner of the real estate or to real estate brokers and not to unlicensed persons who publish the list."
This statutory definition of "broker" within a real estate context establishes the parameters of real estate broker services while leaving open the specific manner, style and techniques of providing such services. The latter are circumscribed by the list of prohibited acts found at K.S.A. 1993 Supp. 58-3062. Additionally, in our opinion in order for a particular service to be considered a broker service, a reasonable nexus must exist between the particular service and one or more of the primary broker activities specified in K.S.A. 1993 Supp. 58-3035(f). In our opinion providing a seller-client with membership in HAA with accompanying benefits is not a service which is reasonably related to any of the statutorily established broker activities. As discussed, a gift of membership in HAA may have value to the client (as well as to the broker as a marketing tool), but then so would a gift of membership in a health club. While HAA membership is designed to provide the seller of real estate after-sale insurance protection, we cannot say that the gift of either kind of membership would further the accomplishment of the broker's primary responsibility to the client, whether that be to sell real estate on behalf of the client or any of the other broker activities enumerated in K.S.A. 1993 Supp. 58-3036(f). We therefore do not consider the gift of HAA membership by a real estate broker to be a broker service.
The third consideration is whether the offered or given "thing" of value is "contingent upon an agency agreement or the sale, purchase or lease of real estate." K.S.A. 1993 Supp. 58-3062(a)(17). From the information provided, such is clearly the case. The program anticipates that an HMS insured broker will offer HAA membership "at the time of listing." While not statutorily defined, "listing" is a real estate industry term of art which implies an agency relationship between the seller and the broker. State v. Rentex, Inc., 365 N.E.2d 1274 (Ohio 1977). Under Kansas law the "time of listing" refers to the time of entering an agency agreement, i.e. "a written agreement between the principal and the licensee setting forth the terms and conditions of the relationship." K.S.A. 1993 Supp. 58-3035(b). Accordingly the gift of HAA membership is contingent upon an agency agreement.
In conclusion, a real estate broker is prohibited from offering or giving any type of gift or gratuity which is contingent upon an agency agreement or the sale, purchase or lease of real estate. The terms "gift" and "gratuity" refer to anything of value, whether an object or a service, other than the broker's services as a broker. In order for a particular service to be considered a broker service, a reasonable nexus must exist between the particular service and one or more of the primary broker activities specified in K.S.A. 1993 Supp. 58-3035(f).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas